**CITY OF GALVESTON v. O'MARA.**
**SAME v. HEFFERNAN et al.**
Nos. 11056, 11144.

Court of Civil Appeals of Texas. Galveston.

Dec. 19, 1940.

Rehearing Denied Jan. 9, 1941.

Bryan F. Williams, City Atty., and Frank B. Nussbaum, Asst. City Atty., both of Galveston, for appellant.

418

Thornton & Markwell, of Galveston, for appellees.

MONTEITH, Chief Justice.

Two actions were brought by the appellees herein in the district court of Galveston County against the City of Galveston for amounts alleged to be due them for services rendered by them as members of the fire department of the city. Cause No. 11,-056 was brought by A. J. O'Mara as captain of the fire department, and cause No. 11,144 was brought by John P. Heffernan and 83 other officers and members of the fire department. The questions involved in both cases below being similar in all respects, the causes have been consolidated in this court.

Appellees in each case alleged that they were employed by the City of Galveston as firemen at salaries ranging from $120 to $200 per month, for which they were required to work six days per week, ten hours per day one week and fourteen hours per day the following week, with certain exceptions made in case of sickness; that in addition to the above services, which were rendered by them, they were required by the city to work seventy-five additional days between the 20th day of September, 1937, and the 12th day of March, 1939; that the additional services rendered had been beneficial to the city and had been used by it through the action of its board of commissioners and its police and fire commissioner, and that they had received no compensation for such services, which were of the reasonable value stated in their pleadings.

Appellant answered in both cases by general demurrer and general denial. In the Heffernan case it specially pled that, since appellees had received the full amount of their salaries and had rendered the alleged additional services without notice to the city that they expected to claim additional compensation therefor, they were estopped from claiming such additional compensation.

Both cases were tried by the court without a jury. Cause No. 11,056 resulted in judgment in favor of A. J. O'Mara against appellant city, in the amount of $416.33. Cause No. 11,144 resulted in judgment against appellant city in favor of the respective appellees in various amounts, aggregating $32,654.90.

Appellant, in its assignments of error and the propositions thereunder, presents three alleged main reasons why it should not be held liable for the reasonable value of the services alleged to have been rendered by appellees: (1) that the compensation for appellees' services must be that fixed and provided for by law and that they could not be based upon contract or upon allowance of reasonable compensation by a court, and that they had failed to show that the compensation sought by them was authorized by any law providing for its payment; (2) that the services for which they sought recovery were rendered in violation of the Penal Code of the State of Texas, and that therefore they could form no basis for a recovery upon quantum meruit; and (3) that since each of appellees had received the full amount of their salaries fixed by the charter of the city without protest, and had rendered such additional services without notice to the city that they expected to claim additional compensation therefor, they were estopped from claiming such additional compensation under either an implied contract to pay therefor or under quantum meruit.

Two questions are presented under appellant's first contention: (1) Whether, under the charter of appellant city, appellees must be classified as public officials holding public office, or as employees or contractors with the city; and (2) whether or not, under the charter and ordinances of the city and the laws fixing the maximum number of days firemen were required to work in any one week, in force during the period in question, they were obligated to work an additional day in each week to earn their salaries.

Appellant's contention that appellees, as members of the fire department of the City of Galveston, were officials holding public office and not employees of the city cannot be sustained.

In 30 Tex.Jur., at page 204, in discussing the classification of municipal employees, it is said: "Who are officers and who are employees is to be determined by the provisions of the charter and the statutes. Where the elective and appointive officers are absolutely named and fixed by the charter, all others connected with the city government must be employees, agents or servants."

In defining the term "office" the following rule is laid down in 34 Tex.Jur., at page 323: "Among the criteria for determining whether an employment is a public office are the following: the delega-

tion of a portion of the sovereign function of the government; the requirement of an official oath; that the powers entrusted are conferred by law and not by contract and the fixing of the duration or term of office."

It is said in 30 Tex.Jur., Page 210, that: "Every person connected with the administration, other than those included in the enumeration of the appointive officers, must be regarded as employees, who must be nominated by the commissioners who have charge of the department by which they are employed."

Section 19 of the charter of the City of Galveston provides that the board of commissioners shall select certain appointive officers of the city, including a secretary, a treasurer, an assessor and collector of taxes, chiefs of the police and fire department, and others enumerated therein. Firemen are not included in this section as appointive officers.

The record shows that the appellees were duly nominated and appointed as employees of the fire department of the city, and that they were so employed from September 20, 1937, to March 12, 1939, and that during said period each of the appellees worked eighty-four hours per week, with certain exceptions made in case of sickness.

In the case of Brown, Mayor, v. Uhr, 187 S.W. 381, 384, the San Antonio Court of Civil Appeals, in classifying officers and employees of the City of San Antonio under a charter similar to that of the City of Galveston, held: "In section 7, paragraph 1, the officers who are required to be elected consist of the mayor and four other commissioners, and it is clear that they are the only elective officers for which provision is made; and then in paragraph 1, section 16, herein quoted, the only appointive officers provided for in the charter are specifically named. Every other person connected with the administration under the charter provisions must be placed in the designation of employés. The charter could legally and validly call those employed by the municipal corporation officers, employés, agents, or servants, and still that would not strip them of any honors or emoluments or lessen their term of office under the constitution. The charter is explicit as to who are appointive officers, and they could no more be added to or decreased than could the elective officers named therein. The elective officers and appointive officers are absolutely named and fixed by the charter, and all others connected with the city government must be employés, agents, or servants."

Under the above authorities members of the fire department must be classed as employees whose salaries are fixed by ordinance under the charter of the City of Galveston.

Appellees further contend that the number of days a member of the fire department of the City of Galveston was required to work was definitely fixed by law at six days per week, and that their compensation for said six days services was fixed by ordinance and that therefore they were entitled to their full weekly salary upon the completion of said six days work, and to additional reasonable compensation for any subsequent beneficial services rendered by them to the city.

In 1935 the legislature of the State of Texas amended Art. 1583 of the Penal Code, Vernon's Ann.P.C. art. 1583, which now reads in part as follows: "1. No member of any fire department or police department in any city of more than twenty-five thousand (25,000) inhabitants shall be required to be on duty for more than six (6) days in any one week."

The above section of this article was in effect at all times material to this appeal. It was stipulated that the City of Galveston had a population during said period in excess of 30,000 and less than 75,000 persons.

In 1920, the charter of the City of Galveston was amended so as to vest in its board of commissioners the power to fix the maximum salary and compensation of the officers and employees of the city, excepting the mayor and commissioners, at an amount not to exceed 33⅓ per cent above the sums theretofore fixed. An ordinance was adopted by the board of commissioners so increasing the pay of certain employees, including appellees herein.

There is, however, no provision under the charter of the City of Galveston fixing the number of days a member of the fire department may be required to remain on duty in order to earn his salary.

It has been uniformly held that the law and all provisions of the city's charter pertaining to the employment of agents and servants are a part of its contracts of employment and that both are read into said contracts as fully as though they had actu-

ally been incorporated therein. 30 Tex.Jur. 213.

In discussing the rights of a fireman to participate in a pension fund established by statute, the Commission of Appeals, in the case of Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738, 740, held: "The law pertaining to such employment is necessarily a part of the contract of employment and is read into the contract as fully as though it had been actually incorporated therein."

Appellees' contention that they are entitled to reasonable compensation for additional services rendered the city by them is borne out by McQuillen, Municipal Corporation, 2d Ed., at p. 256, § 545, wherein it is said: "While, as mentioned, a public official may not receive extra pay for services rendered by him, for which compensation by way of salary is allowed by law, sometimes he may recover pay for other services which he may render outside of and in addition to his ordinary official duties which could as well be performed by other persons or the officer."

Since said Article 1583 of the Penal Code, which limited the time a member of the fire department of the City of Galveston might be required to be on duty to six days per week, was in effect at the time appellees were employed and at the time the ordinance increasing their salaries was enacted, it follows that the construction of said contract of employment which provides for the compensation fixed by said ordinance and limits their working days to six days per week in accordance with said Article 1583 must be adopted as the proper construction thereof, since a construction which would require them to remain on duty more than six days per week would be in conflict with said Article 1583 and would consequently be invalid.

Appellant's contention that the services for which appellees sought recoveries were rendered in violation of a law which prohibits a fireman from working seven days a week and that therefore they cannot recover herein cannot be sustained.

In both of the cases under consideration, the appellees alleged, in substance, that they had worked for the city for seventy-five days during a specified period for which they had received no compensation. They sought reasonable compensation for their services. In the O'Mara case the appellant pled a general denial and a general demurrer. In the Heffernan case it pled a general denial and a general demurrer, and by special plea claimed an estoppel.

While said Article 1583 of the Penal Code provides that no member of a fire department shall be required to be on duty for more than six days in any week and that a city official who violates the provisions of said article may be fined not less than $10 or more than $100, the violation of said article, if any, appears only incidentally and as an explanation of other facts in the case.

Our courts have uniformly held that an agreement to perform work in violation of a penal statute is illegal and cannot be maintained. It is the rule, however, that if a party can show a complete cause of action without being obliged to prove his own illegal act, although said illegal act may appear incidentally and may be important in explanation of other facts in the case, he may recover. Texas Employers Ins. Assn. v. Tabor, Tex.Civ.App., 274 S.W. 309, affirmed by the Commission of Appeals, 283 S.W. 779; St. Louis B. & M. Co. v. Price, Tex.Com.App., 269 S.W. 422; Blackwell v. General Motors Acceptance Corporation, Tex.Civ.App., 54 S.W.2d 251.

Further, it is now generally held that illegality is an affirmative defense and that when the illegality does not appear from the contract itself or the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter and to be available must be pleaded. Mullin v. Nash-El Paso Motor Co., Tex.Civ.App., 250 S.W. 472; Blackwell v. General Motors Acceptance Corporation, Tex.Civ.App., 54 S.W.2d 251; 33 Tex.Jur. 671.

Appellant contends that it is not liable to appellees for compensation for additional services rendered either under an implied contract or upon quantum meruit, for the reason that it had no notice that appellees would claim extra compensation for additional services rendered.

It is the established rule in this state that one who has rendered services in addition to those stipulated in an express contract can recover therefor where the services rendered were performed at the request or with the knowledge or consent of the other party (45 Tex.Jur. 328), and that the acceptance of such services by the other party raises the presumption that the services were given and received in the expectation of being paid for, where the

circumstances are such that the person who received them and was benefitted by the services and understood, or ought to have understood, that the services were to be compensated. 71 Corpus Juris, Section 9

The above rule is followed in "Page on Contracts", Vol. 3, 2d Ed., § 1442, in which it is said: "If services are rendered at the request of the person for whom they are rendered, or if the benefits thereof are voluntarily accepted by such person, there is an implied promise on his part to make reasonable compensation therefor, if no express contract has been made, if the services are such as are ordinarily paid for, and if the party who rendered them was not bound to render them without compensation."

This principle has been upheld by our Supreme Court under a slightly different state of facts in the case of Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841, 842. The Sluder Case involved the recovery of compensation for legal services rendered the city under a contract which was void because not made in conformity with charter provisions. Suit was brought on quantum meruit. In holding the city liable the court said: "Since the decision in the French Case [City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440, 26 Am.St.Rep. 763], our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract.

There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation."

In the cases under consideration, the services for which recovery was sought were rendered by appellees with the knowledge and consent of appellant and were unquestionably beneficial to the city. Under the above authorities appellees are entitled to recover reasonable compensation therefor.

■ Appellant contends that in no event are appellees entitled to recover additional compensation for services rendered during any week unless such services were shown to have been rendered during a week in which they were on duty for more than six days.

The record shows that certain of appellees were off duty during specific weeks on account of illness. It does not show that any appellee was off duty during the period in question in excess of thirty days.

Article 108, Section 45, of the Ordinances of the City of Galveston provides that members of the fire department who shall become sick will be allowed thirty days pay, after which time they will be dropped from the pay roll unless, for good cause shown, the board of commissioners shall extend said time.

Since said Article 108, Section 45, of said Ordinances was in effect during all times material to this appeal, it became a part of and must be read into appellees' contract of employment with the city and they are entitled to all of the benefits thereof, including pay up to thirty days when absent from duty on account of illness.

It follows from above conclusion that each of appellees are entitled to compensation for the full time sought in their pleadings.

The judgment of the trial court will be in all things affirmed.

Affirmed.