CITY OF GALVESTON V. JOHN P. HEFFERNAN ET AL.

No. 7838.  Decided November 5, 1941.
Rehearing overruled December 3, 1941.
(155 S. W., 2d Series, 912.)

*Bryan F. Williams*, City Attorney, and *Frank B. Nussbaum*,

Assistant City Attorney, of Galveston, for plaintiff in error.

Plaintiffs alleged that at the request of the governing body of the City of Galveston they had been required to do additional work over and above that of firemen in said city, for which service they had not been paid and for which they were seeking compensation, and as that was their sole ground for recovery the court should have denied them judgment, because in order to grant a recovery it must necessarily do so for services which the law prohibited plaintiffs from performing. Montgomery Ward & Co. v. Lusk, 52 S. W. (2d) 1110; Campbell v. Hood, 35 S. W. (2d) 93.

*Thornton, Maxwell & Stubbs,* of Galveston, for defendants in error.

Plaintiffs having rendered services for which they would ordinarily be entitled to recover on quantum meruit, are not barred from such recovery because the defendant could not have required such work under penalty of a criminal statute by the provisions of which plaintiffs committed no crime. Stephenson v. Miller Link Lumber Co., 277 S. W. 1039; Rogers Hill & Co. v. San Antonio Hotel Co., 23 S. W. (2d) 329; Thouvenin v. Lea, 26 Texas 612.

*Allen, Helm & Jacobs, Wm. States Jacobs,* all of Houston, and Obel McAlister, of Fort Worth, filed briefs as amici curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

■■ The opinion of the Court of Civil Appeals, which is found in 146 S. W. (2d) 416, makes a complete statement of the facts and questions of law involved in this case. After a careful consideration of such opinion we have decided that it correctly disposes of the law questions involved in this appeal, and for correct reasons given. No good reason can be served by our further discussion of the law questions involved. We therefore approve the same.

■ We granted the writ of error in this case on the tenative belief that the opinion herein conflicts with the opinion of the Waco Court of Civil Appeals in the case of Montgomery,

Ward & Co. v. Lusk et al (Civ. App., writ refused), 52 S. W. (2d) 1110. After a careful consideration of the two opinions we have reached the conclusion that they do not conflict in any way, but that both correctly announce the law. In the Lusk case, as shown by the opinion, the Lusks brought suit to enforce a contract made in direct violation of Articles 1569 and 1572, Texas Penal Code. The opinion simply holds that resort cannot be had to our courts to enforce contracts made in violation of our penal laws. This case involves no effort to enforce a contract denounced by our penal laws. It is simply an action to recover on aquantum meruit for overtime services rendered by the firemen of the City of Galveston. This fully appears in the opinion of the Court of Civil Appeals.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 5, 1941.

Rehearing overruled December 3, 1941.