**CITY OF FORT WORTH v. MORRISON et al.**

No. 14221.

Court of Civil Appeals of Texas. Ft. Worth.

Sept. 11, 1942.

Rehearing Denied Oct. 9, 1942.

R. E. Rouer, Geo. C. Kemble, Robt. B. Young, Jr., and Frank E. Crumley, all of Fort Worth, for appellant.

Fay W. Prescott, of Fort Worth, for appellees.

BROWN, Justice.

This cause having been reversed and rendered by us for the City of Fort Worth, on the theory that the widow of Floyd R. Bolen is estopped from claiming the additional salary sought by her, by reason of Bolen having executed the contract releasing the City from such payment and the Supreme Court having reversed such judgment by us and having remanded the cause for a consideration of the undisposed of issues raised on the appeal, we now take up the case anew, bearing in mind the judgment of the Supreme Court.

Propositions Nos. 1 and 2 are bottomed on assignments of error Nos. 6, 7, 8, 9 and 10, and all relate to the contention that was overruled by the Supreme Court, and they are by us here overruled.

See Morrison v. City of Fort Worth, 138 Tex. 10, 155 S.W.2d 908.

The 3rd proposition bottomed on assignments of error Nos. 1, 2, 3, 4 and 5, asserts that the widow of Bolen has no cause of action against the said City because no Fire Department and no such office as Fireman was ever created by ordinance or resolution duly passed in accordance with the provisions of the charter of said City. The evidence is abundant that Bolen was a Fireman and that he worked for the City of Fort Worth as such officer at the times involved in this case.

His rights are predicated on the plain provisions of Article 1583 of the Penal Code of Texas, Vernon's Ann.P.C. art. 1583. The purpose and effect of this satutory law are fully discussed by the Supreme Court in the opinion cited above.

We see no distinction between the rights of a Fireman who is a de jure officer and one who is a de facto officer, under the provisions of such Act.

We do not believe that the City of Fort Worth, by simply failing or neglecting to pass an ordinance or resolution, in the manner provided for by the City's charter, can defeat the right of any Fireman, who was actually hired by and who became a part of the Fire Department of such City, regardless of the manner in which such Department was created by the City.

We do not believe that the opinion, in City of Dallas v. McDonald, 130 Tex. 299, 103 S.W.2d 725, is controlling in the case before us. The two cases are easily distinguished by a mere reading of the facts.

The provisions of the City's charter make it mandatory that the City " * * * maintain a fire force consisting of the Fire Chief and such other officers, firemen and employees as may be provided by ordinance or resolution of the Council".

This charter is the organic law of said City and its relation to the City is not unlike the relation of the Constitution of the State of Texas to the State. There can be no doubt but that said City in some manner created a Fire Department and provided for the officers and firemen and other employees therein.

They were all de facto officers, in our opinion, and were actual employees.

The proposition and assignments of error germane thereto are overruled.

The 4th proposition, bottomed on assignments of error Nos. 24 and 25, asserts that Article 1583 of the Penal Code of Texas was only intended to apply to cities in Texas having a population in excess of 75,000 inhabitants at the time the Act was passed, that same is a penal statute and that no guide was established to determine the population of the city subject to it; that if it applied to any city at the date of its passage, no other cities in the future could ever be affected by it; that there was no reason for arbitrarily selecting a bracket of 75,000 inhabitants, and that there was no cause for imposing the burden provided for in the statute on certain cities and exempting other cities under identical circumstances, and the act is therefore void, unenforceable and discriminatory and in violation of the State and Federal Constitutions.

The Act was held valid in the case of Dry v. Davidson, Tex.Civ.App., 115 S.W.2d 689, writ refused.

We find no merit in the contentions made and are of opinion that the Act is valid.

While City of Galveston v. O'Mara and City of Galveston v. Heffernan et al, Tex. Civ.App., 146 S.W.2d 416, affirmed by the Supreme Court in 138 Tex. 16, 155 S.W. 2d 912, are not directly in point here, they are persuasive and we cite them. The assignments of error are overruled.

Propositions Nos. 5, 6 and 7 are bottomed on assignments of error Nos. 11, 12, 13 and 14, 16, 17, 18 and 19, and 20, 21, 22 and 23, respectively.

773

They challenge the probative value of the evidence to support the issues submitted requiring the jury to find whether or not Bolen worked overtime while he was employed as a Fireman and the number of hours he may have so worked.

We cannot say that there is no evidence to support the submission of the issues or the findings made thereon.

The trial court rendered judgment for appellee in the sum of $538.33 for such services as the jury found Bolen had rendered.

We think the judgment should stand.

Appellee's cross-assignments of error, on which she seeks to recover a greater sum than that reflected in the judgment of the trial court, are all overruled, and appellant's assignment of error attacking the right of appellee to present such cross-assignments of error, on the theory that she has not legally perfected her cross-appeal, is likewise overruled.

The judgment is affirmed.