**CITY OF WICHITA FALLS v. LONG et al.**

No. 14449.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 4, 1942.

Rehearing Denied Jan. 15, 1943.

Thelbert Martin and T. A. Hicks, both of Wichita Falls, for appellant.

Wayne Somerville and Ralph P. Mathis, both of Wichita Falls, for appellee.

McDONALD, Chief Justice.

Bill Long and seven others brought this suit in one of the district courts of Wichita County against the City of Wichita Falls, to recover sums alleged to be owing to them for overtime services rendered by them as members of the fire department of that city. The plaintiffs recovered judgment upon a trial in which the jury was waived, and the defendant has appealed.

Upon the face of the record there is apparent a question relating to the jurisdiction of the district court of the claim asserted by the plaintiff W. J. Stone. All of the plaintiffs, including Stone, joined in a single petition, suing each for himself for the amount alleged to be due him. The amount alleged to be due Stone is less than $200. By Acts 1935, 44th Leg., p. 113, ch. 40, also known as Vernon's Ann.Civ.St. Art. 1970—166b, the district courts of Wichita County are granted jurisdiction of civil cases which ordinarily lie in the county court.

■■■ Although Rule No. 40, Texas Rules of Civil Procedure, allows a joinder of claims such as appears in this case, the claims and each of them must be within the jurisdiction of the court in which the suit is filed. A full discussion of the rules applicable to such situations may be found in the annotation in 72 A.L.R., beginning at page 193. The annotation contains the following statement of the rule: "Where several claimants have separate and distinct demands against a defendant or defendants, they cannot be added together to make up the required jurisdictional amount, but each separate claim furnishes the jurisdictional test."

In addition to the decisions cited in said annotation, see also Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 and McConnell v. Frost, Tex.Civ.App., 45 S.W.2d 777, writ of error refused.

■■ It follows that the suit of the plaintiff Stone must be dismissed.

It is obvious from the record and from the brief filed by appellees that they base their claims upon the decision of the Galveston Court of Civil Appeals in City of Galveston v. O'Mara, 146 S.W.2d 416, which was affirmed by the Supreme Court in City of Galveston v. Heffernan, 138 Tex. 16, 155 S.W.2d 912.

The trial court did not file separate findings of fact and conclusions of law, nor does his judgment contain any findings other than a general finding that the law and facts are with the plaintiffs.

The substance of plaintiffs' claim is that each of them worked a certain number of days as firemen, for which they have not been paid. As each of them took the witness stand, he testified that he was employed as a fireman at a stipulated monthly salary, that he worked on a schedule of twenty-four hours on duty, followed by twenty-four hours off duty, changing shifts at 8 o'clock each morning. This resulted in each fireman working a part of every calendar day of the week. It appears without dispute from the evidence that each of the plaintiffs knew of the above schedule before he went to work as a fireman, that he accepted the salary, and that he never made any demand for additional compensation until shortly before this suit was brought. The fire marshal, appearing as a witness for the plaintiffs, testified that the change of shifts at 8 o'clock in the morning, rather than at midnight, was made by agreement with the entire personnel of the fire department, and that it was immaterial to the officials of the city at what hour the shifts were changed. Each of the plaintiffs testified that he preferred to change shifts at that hour, rather than at midnight.

The only reasonable construction of the evidence, so it seems to us, is that the plaintiffs agreed to work on the above schedule, which resulted in their working on each of the seven calendar days per week, and that there is left no basis upon which to imply an agreement to work only six days per week for the salaries paid to them. In other words, it appears undisputed that the plaintiffs agreed to work the hours and days which they did work for the salaries which were paid to them.

The city contends that a twenty-four hour period from 8 o'clock one morning to the same hour the next morning may properly be considered as a day. Under our view of the case, it is unnecessary to decide this question.

Do the facts of this case, as we have interpreted them, bring the case within the rules announced in the City of Galveston case, supra? We think they do not.

The statute referred to in the Galveston case, Art. 1583, Vernon's Annotated Penal Code, prohibits the officials of a city of the size of Wichita Falls from requiring firemen to be on duty more than six days a week. The portion of the statute applicable here does not provide for minimum wages or for overtime wages, as does the portion of the statute relating to larger cities.

■■■ Plaintiffs argue that they are entitled to recover upon quantum meruit. There can be no recovery upon quantum meruit where the services were rendered under an express contract which fixes the

794

compensation. 45 Tex.Jur. 318. Apparently plaintiffs are of opinion that the statute had the effect of amending their contract of employment so that it would require only six days of work per week, which in turn would leave them with a claim based upon quantum meruit for the work done on the seventh day. If the provisions of the employment agreements were doubtful, we might resort to the presumption that the city and the firemen intended to make only a lawful contract, but from the evidence before us the conclusion is inescapable that the parties, legally or illegally, agreed upon the schedule above described, and that the contract, legal or illegal, has now been fully performed. In such case there is nothing left for the courts to do.

■ Our views are supported by the decisions cited in the annotations in 25 A.L.R. 238, and 107 A.L.R. 713. In the former annotation it is said: "Under statutes providing that a certain number of hours of labor shall constitute a day's work, an employer is not liable to an employee for labor beyond the statutory hours, unless provision is made therefor in the contract of employment." See 18 R.C.L. 535, to the same effect.

■ If it be considered that the statute can serve as a basis for a claim for overtime pay, it is clear in the case before us that the salaries paid were paid by the city and accepted by the firemen as full compensation for the six days of work allowed by the statute, and the overtime services, if any, rendered on the seventh day. There are no facts in this case upon which there can be based a presumption that the firemen expected to receive, or that the city expected to pay, any compensation other than the salaries which were paid.

The judgment of the trial court is reversed. The suit of the plaintiff W. J. Stone is remanded to the trial court with instructions to dismiss same. As to the remaining plaintiffs, judgment is here rendered that they take nothing by their suit.

## On Motion for Rehearing

In their motion for rehearing appellees insist that our holding in the present case is in conflict with the holding of this court and of the Supreme Court in the case of Morrison v. City of Fort Worth. The opinions of this court appear in City of Fort Worth v. Morrison, 151 S.W.2d 300, and in 164 S.W.2d 771, and the opinion of the Supreme Court appears in Morrison v. City of Fort Worth, 138 Tex. 10, 155 S.W. 2d 908. The Morrison case is not in point here, because the statute relating to cities of the size of Fort Worth fixes a minimum salary rate. Other cases cited by appellees, such as Crutcher v. Johnson County, Tex. Civ.App., 79 S.W.2d 932, are not in point. The cases construing statutes fixing a minimum wage, or statutes providing for overtime pay, are not applicable to the situation before us.

Appellees also cite us to a recent decision of the Amarillo Court of Civil Appeals, in the case of City of Amarillo v. Bryan York et al., 167 S.W.2d 787, delivered on December 14, 1942. We do not consider that our holding in the case before us is in conflict with the holding of the Amarillo court. According to the opinion in the latter case, the Amarillo firemen for several years prior to the suit had been complaining to the city officials about having to work seven days per week, which they asserted was in violation of the provisions of Article 1583, Vernon's Ann.P.C. They claimed that they were working an extra day each week for which they were receiving no pay. The fire chief changed the schedule of work in an effort to comply with the statute. The new arrangement did not suit the firemen, and their complaints were resumed. Then the schedule was again changed. Under the arrangement last made, the firemen in Amarillo worked twelve hours each calendar day and eighty-four hours each calendar week. The opinion recites that the firemen were not consulted about the schedule last mentioned, and that there was no testimony to show that they agreed to it.

■ our minds it is clear that the Amarillo court in the case just cited, and the Galveston Court of Civil Appeals and the Supreme Court in the O'Mara-Heffernan cases, cited in our original opinion, based their holdings upon the theory that the firemen contracted to work only the statutory maximum week of six days for their salaries, that the work done by them on the seventh day of the week was not covered by their employment contracts, and that they were entitled to claim pay for the seventh day of work upon quantum meruit. We have held in the case before us that the undisputed evidence shows that the firemen and the City of Wichita Falls entered into and performed contracts call-

ing for work upon the schedule described in our original opinion, whether it be considered that such schedule called for six or seven days per week. We can find no basis upon which to imply an agreement to pay additionally for work which had already been paid for under the express contract. The wages paid to the Wichita Falls firemen, according to the undisputed evidence, covered all 'of the work done by them. Having been paid their agreed wages, they have no further claim against the City of Wichita Falls.

The motion for rehearing is overruled.