## CITY OF GALVESTON v. FREDRICKSON.
### No. 11546.

Court of Civil Appeals of Texas. Galveston.

Oct. 20, 1943.

Bryan F. Williams, City Atty., and Frank B. Nussbaum, Asst. City Atty., both of Galveston, for appellant.

William D. Decker, of Markwell & Stubbs, all of Galveston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, V. E. Fredrickson, Jr., to recover from appellant, City of Galveston, the reasonable value of services alleged to have been rendered by him as a member of the City's fire department on the seventh day of each week during the period within which he served the City as fire marshal, which services and the compensation therefor were alleged to have not been contemplated or covered by the City's ordinances.

Appellee alleged that he had rendered services to appellant City, for which he had not been paid, for 104 days between the 8th day of September, 1939, and the 9th day of January, 1942, as a member of the fire department of appellant City, which had a population of more than 25,000 and less than 75,000 inhabitants; that the additional services rendered by him were performed under the requirement and request of the City and had been beneficial to and used by it through the action of its Board of Commissioners and the Police and Fire Commissioner, and that such services had been of the reasonable value stated in his petition.

In a trial before the court judgment was rendered against appellant and in favor of appellee in the amount of $572, with interest and costs.

The entire evidence in the trial court was stipulated and undisputed. It was stipulated that appellee had been duly and legally appointed and had served as fire marshal of the City of Galveston during the alleged period of time and that, during such period, he had been on duty and had acted in such capacity seven days of each week; that the reasonable value of the services rendered was $5.50 per day. It was stipulated that appellee had been "paid in accordance with the applicable charter provisions and ordinances of the City of Galveston", which were stipulated.

This court has heretofore held, in the case of City of Galveston v. O'Mara, Tex. Civ.App., 146 S.W.2d 416, affirmed by the Supreme Court, City of Galveston v. Hefferman, 138 Tex. 16, 155 S.W.2d 912, that the ordinance of the City of Galveston providing for and fixing the salaries for the members of the fire department of the City

of Galveston was based upon a six day week and that the City, having accepted the beneficial results of the labor of its firemen who sued in that case, was obligated to pay them a reasonable amount for their overtime services. Therefore, the only question to be determined in this appeal is whether, under the then existing provisions of the charter and ordinances of the City of Galveston, its fire marshal was a member of the fire department of the City within the purview of Article 1583 of the Penal Code of the State of Texas, and under Article 217 of the Revised Ordinances of the City of Galveston, which prescribed the duties of the fire marshal of appellee City.

The pertinent portion of Article 1583 of the Penal Code of the State of Texas, Acts 1935, 44th Legislature, page 377, Chapter 139, H.B. 265, § 1; Acts 1937, 45th Legislature, page 358, Chapter 173, § 1, Vernon's Ann.P.C. Art. 1583, reads as follows: "1. No member of any fire department or police department in any city of more than twenty-five thousand (25,000) inhabitants shall be required to be on duty more than six (6) days in any one week."

The preamble to such Act reads as follows: "An Act amending Article 1583 of the Penal Code of Texas, 1925, relating to work and vacation of firemen and policemen in cities of more than twenty-five thousand (25,000) inhabitants and in cities of more than thirty thousand (30,000) inhabitants; providing penalties for violation of the provisions of this Article, and declaring an emergency."

■ Said Article 1583, taken in connection with its preamble, which recites that the Article refers to "firemen and policemen" and that it relates to "work and vacations of firemen" in certain classes of cities, clearly indicates an intent on the part of the Legislature to include therein persons who are engaged in performing the actual duties of firemen and policemen as such occupations are commonly known and understood. There is nothing in the subject matter of the act, however, which would justify the presumption that the Legislature intended to thereby make available additional compensation for services rendered to such cities by persons other than those actually engaged in performing the duties of firemen and policemen.

■ It is well settled in this state that, in ascertaining the intention of the framers of a statute, the caption and the preamble may be looked to in connection with the act itself. Frass v. Darrouzett Independent School Dist., Tex.Civ.App., 277 S.W. 751; Missouri, K. & T. R. Co. v. Mahaffey, 105 Tex. 394, 150 S.W. 881; Martin v. Sheppard, 129 Tex. 110, 102 S.W. 2d 1036.

■ The term "fireman" is defined in "Webster's Encyclopedic Dictionary" as a person "engaged in the fighting and extinguishment of fires". In the "Oxford English Dictionary" the term is defined as "one who is employed to extinguish fires."

The duties of the fire marshal of the City of Galveston are set forth in Article 217 (249) of the Revised Ordinances of the City of Galveston. The pertinent portions of said Article 217 (249) of said ordinance read as follows:

"Art. 217 (249). * * * The office of fire marshall is hereby created. Such office shall be independent of other city departments, save and except the police and fire department of said city, the fire marshall reporting directly either to the Police and Fire Commissioner, or to the Mayor and the Board of City Commissioners of said city. Such office shall be filled by election by the Board of City Commissioners as a whole, nominations for appointment or election thereto being made by any member of said Board of Commissioners. * * * The fire marshall shall be properly qualified for the duties of his office, and shall be removed only for cause; and his term of office shall continue * * * for two (2) years, and in any event until the election and qualification of his successor. He shall receive a monthly salary of seventy-five dollars, payable monthly, as full compensation for his services.

"The fire marshall shall investigate the cause, origin and circumstances of every fire occurring within the City of Galveston by which property has been destroyed or damaged, and shall especially make investigation as to whether such fire was the result of carelessness or design. Such investigation shall be begun twenty-four hours, not including Sunday, of the occurrence of such fire. The fire marshall shall keep in his office a record of all fires occurring within the city, together with all facts, statistics and circumstances, including the origin of the fires and the amount of the loss, which may be determined by

**996**

the investigation required by this ordinance. Such record shall at all times be open to public inspection.

"The fire marshall, when in his opinion further investigation is necessary, shall take or cause to be taken, the testimony on oath, of all persons supposed to be cognizant of any facts or to have means of knowledge in relation to the matter as to which an examination is herein required to be made, and shall cause the same to be reduced to writing, * * * and shall furnish to the proper prosecuting attorney all such evidence, together with the names of witnesses and all of the information obtained by him, including a copy of all pertinent and material testimony taken in the case.

"The fire marshall shall have the power to summon and compel the attendance of witnesses before him to testify in relation to any matter which is by the provisions of this ordinance a subject of inquiry and investigation, and may require the production of any book, paper or document deemed pertinent thereto.

"The said fire marshall is hereby authorized and empowered to administer oaths and affirmations to any persons appearing as witness before him. * * *

"The fire marshall shall have the authority at all times of day or night, in the performance of the duties imposed upon him by the provisions of this ordinance, to enter upon and examine any building or premises where any fire has occurred, and other buildings and premises adjoining or near the same. * * *."

Under the terms of said Article 217, the fire marshal of the City of Galveston is not expressly made a member of the City's fire department. Further, it is, we think, apparent from the above outline of the duties of the fire marshal that, in enacting the ordinance, the framers thereof did not contemplate that the fire marshal should be a member of the fire department of the City of Galveston, or that his duties should include the fighting or extinguishment of fires.

Under said Article the duties of the fire marshal are clearly those of a separate and distinct administrative and investigative office which, while related to the fire department of the city in ultimate objectives, are clearly not the duties of a fireman as such occupation is commonly known and understood.

It follows that the judgment of the trial court must be reversed and, the case having been fully developed in the trial court, judgment is here rendered in favor of appellant.

Reversed and rendered.