## SMOTHERS v. GAWLIK.
### No. 2816.

Court of Civil Appeals of Texas. Waco.
Oct. 21, 1948.

Rehearing Denied Nov. 24, 1948.

J. Marvin Ericson, of Corpus Christi, for appellant.

Pichinson & Davis and L. DeWitt Hale, all of Corpus Christi, for appellee.

HALE, Justice.

Appellee sued appellant to recover $756.14 and to foreclose a mechanic's lien on a certain lot situated in Corpus Christi, Texas, alleging in substance that such amount was due him under a verbal contract for the erection of a quonset hut upon the premises in controversy. Appellant answered with a general denial, and by way of cross action sought damages upon allegations that appellee had breached the verbal contract between the parties by erecting the hut in such manner as to encroach upon public property.

The case was tried before a jury. In response to special issues the jury found, among other things, that appellee erected the quonset hut (1) at the location called for by his contract with appellant and (2) at the location called for by instructions received from W. A. Spencer, and (3) that Spencer had apparent authority as the agent of appellant to give such instructions. Appellant and appellee each presented a formal motion for judgment in his favor upon the verdict of the jury. The motion of appellant was overruled, that of appellee was granted and judgment was rendered accordingly.

The first point in appellant's brief is as follows: "Since the undisputed evidence shows that the quonset hut building in question was erected by appellee so as to encroach upon a public street and upon a public alley-way of the City of Corpus Christi, Texas; and the jury having found that such building was erected by appellee at the location called for by the contract between the parties, such contract is illegal and void, and the trial court erred in overruling and denying appellant's motion for judgment upon the verdict of the jury." We overrule this point of error for reasons which will be noted briefly.

The appellate courts of this state will presume upon the appeal of any case that the judgment appealed from is correct, unless the contrary is made to appear affirmatively from a proper record of the proceedings had in the court below. 3 Tex. Jur. p. 424, Secs. 302, 303 and authorities.

This court does not know what the undisputed evidence in this case might have shown in the court below because the record before us does not contain a complete statement of facts. The only evidence brought up with the record is a portion of the testimony adduced from the witness, W. A. Spencer, and the certificate attached to the excerpts from his testimony affirmatively shows that he was only one of several witnesses who testified upon the trial.

Furthermore, even though the quonset hut was actually erected so as to encroach upon public property, we do not think the contract declared upon by appellee was necessarily illegal and void so as to deprive him of any right of recovery herein. Appellee alleged in substance that he agreed verbally to erect the hut upon the premises pointed out to him by appellant's agent, Spencer, and that he erected the same at the location called for by the instructions which he received from Spencer. Appellant did not allege any illegality in the contract thus declared upon by appellee or in the verbal contract upon which he sought recovery under his cross action. The jury did not expressly find any of the disputed terms of the contract, as raised by the pleadings of the parties, and no request was made by either party for such findings. No express findings were made by the trial court with respect to such pleaded issues, either in the judgment or otherwise. Hence we cannot say from the pleadings, the evidence or the findings of the jury or of the trial court, that the parties intended to agree or did agree that appellee would erect the quonset hut in such manner or at such location as to encroach upon public property.

As said in the case of Heidenheimer v. Beer, Tex.Civ.App., 155 S.W. 352, 356, er. ref.: "While the courts will not aid in the enforcement of a contract that violates the written law of the state, or contravenes public policy, the mere fact that it incidentally appears that a plaintiff has thus offended will not defeat his right to a recovery, which otherwise he would be entitled to. Sinner though he may be, the law will redress his wrongs". See also Beer v. Landman, 88 Tex. 450, 31 S.W. 805; Hall v. Edwards, Tex.Com.App., 222 S.W. 167; Stone v. Robinson, Tex.Com. App., 234 S.W. 1094; Blackwell v. General Motors Acceptance Corp., Tex.Civ.App., 54 S.W.2d 251; City of Galveston v. O'Mara, Tex.Civ.App., 146 S.W.2d 416; Id. City of Galveston v. Heffernan, 138 Tex. 16, 155 S.W.2d 912.

In this case it was not necessary for appellee to prove as any part of his alleged cause of action that he contracted to erect or that he actually did erect the quonset hut in such manner as to encroach upon public property. If, in response to specific instructions from appellant's agent, he did so erect said hut without knowing the exact location of appellant's property lines, as alleged by him, then in our opinion his offense, if any, in so doing ought not to defeat the recovery sought. 10 Tex.Jur. p. 238, Secs. 137-138; 17 C.J.S., Contracts, § 274; page 660; 12 Am.Jur. p. 734; Futch v. Sanger, Tex.Civ.App., 163 S.W. 597, er. ref.; American National Ins. Co. v. Tabor, 11 Tex. 155, 230 S.W. 397; Graham v. Dean, 144 Tex. 61, 188 S.W.2d 372.

Under the second point in his brief, appellant says the findings of the jury present an irreconcilable conflict on a material matter. As a part of his asserted cross action, appellant alleged in effect that it was his intention in having the quonset hut erected by appellee to have erected also on the same lot, at a later time, a masonry section to be joined on to the quonset hut so as to form an entire structure of the two sections, and that he would have had the entire structure erected as planned but for the fact that the quonset hut was erected so as to encroach upon public property. In response to Special Issue No. 12 the jury found that "the planned entire structure, quonset hut and masonry, would have been erected on said

lot in question, but for the encroachments of the quonset hut upon public property." Appellant asserts that this finding is in conflict with the finding in response to Special Issue No. 1 whereby the jury found that appellee erected the hut at the location called for by his contract. He contends that the answer to Special Issue No. 1 was in effect a finding that it was his intention in making the contract declared upon to have the hut so erected as to encroach upon public property, while the answer to Special Issue No. 12 was in effect a finding that it was his intention in making such contract to have the hut erected without any encroachment upon public property.

From what has already been said, we think it is apparent that appellant has wholly misconstrued the effect of the findings so made by the jury. In our opinion, each and both of such findings are entirely consistent with the view that it was not the intention of either party to the contract for the quonset hut to be so erected as to encroach upon public property and that, if it was actually so erected, the error in its location was due to a mistake on the part of appellant's agent as to the exact location of appellant's property lines. Therefore, we overrule appellant's second point.

Under the 3rd and 4th points in his brief, appellant says the court below erred in submitting Special Issues Nos. 2 and 3, respectively, over his objections that each was duplicitous, in that each submitted two or more questions which were disputed fact issues. On the other hand, appellee says neither of the issues was duplicitous because, among other things, the undisputed evidence established all the fact elements involved in each issue except the ultimate questions.(a) as to whether Spencer gave him instructions for locating the hut and if so (b) as to whether Spencer had apparent authority to give such instructions. In the absence of a statement of facts or of a complete statement of all the evidence adduced from any one of the several witnesses who testified upon the trial, this court does not know what issues of fact, if any, might have been raised by the evidence. Consequently we cannot say that either of the issues here complained

of was duplicitous or that the submission of either was prejudicially erroneous.

Finding no reversible error in the record, each of appellant's points is overruled and the judgment of the court below is affirmed