Betty NEDOW, Individually and as Independent Executrix of the Estate of Ben Nedow, Deceased, Appellant,

v.

C. E. NICHOLSON, Appellee.

No. 14391.

Court of Civil Appeals of Texas.

Houston.

July 9, 1964.

Rehearing Denied Sept. 10, 1964.

J. Edwin Smith, Houston, Smith & Lehmann, Houston, of counsel, for appellant.

Fred Much, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment in favor of the payee of a promissory note. Appellant contends that part of the consideration for the note was illegal, rendering the entire note unenforceable.

Appellee filed an affidavit in support of his motion for summary judgment. Appellant filed no affidavits and relies, to support her plea of illegality, on appellee's affidavit.

It is appellant's contention that appellee's affidavit establishes that part of the consideration for the note was an agreement not to bring to the attention of the Securities Exchange Commission or the State of

Texas information concerning the financial instability of Nedow Oil Tool Company. She further reasons that, since the company had application for permission to market securities pending, such an agreement was contrary to public policy, and, the consideration for the note not being severable, the note was unenforceable.

As authority for her position, appellant quotes from 13 Tex.Jur.2d 376, § 177, as follows: "Contracts that are intended to deceive third persons or even the public itself, or contracts that have a tendency to perpetrate such fraud or deception, are against public policy and will not be enforced by the courts."

Appellant also likens the agreement to one to suppress evidence and one interfering with public officials in the discharge of their official duties, and cites appropriate authority demonstrating that such agreements are invalid as being contrary to public policy.

■ We are unable to agree with appellant's interpretation of appellee's affidavit. While the affidavit recites that part of the consideration for the note was appellee's agreement "to postpone any complaints to the Securities Exchange Commission or to the State of Texas about Nedow's previous statements and representations concerning the securities and financial stability of Nedow Oil Tool Company," there was nothing in the affidavit showing an agreement not to bring to the attention of public officials information showing that the firm was presently in financial straits. We might assume that the representation made to appellee by Ben Nedow concerning the value of the patent rights, assets and equipment of the company was in fact untrue, and that the representation that approval of the application for permission to sell securities would be received in a short time was optimistic. There is, however, nothing in this record showing that appellee had knowledge of any information which Nedow was required to furnish the governmental agencies, and which had not been made available

to them. Nor does this record reflect that the financial condition of the company had been misrepresented to these agencies, or that any such information was withheld from them.

It is apparent that Ben Nedow had faith in the invention which the corporation apparently had been organized to promote, since he was willing to borrow money for the use of the corporation. It is also apparent that a law suit alleging misrepresentations concerning the value of the corporate stock and financial condition of the company, whether well founded or not, would be likely to affect adversely action on the application for permission to sell securities as well as the prospects for selling the securities. There seems to be no reason to deny one the right to purchase his peace under such conditions.

■ Appellant admits that there is no evidence in the record that the objectives, purposes and consideration for the note actually brought about harm or deception to the public, but contends that, under such decisions as Amarillo Oil Company v. Ranch Creek Oil & Gas Company, Tex.Civ. App., 271 S.W. 145, the test is not whether the unlawful agreement resulted in harm or injury, but whether it had the tendency to harm or injure the public. This case, and others cited, are inapplicable here because there is no evidence from which the conclusion that the public will probably be injured by the agreement can be drawn. The mere agreement not to bring to the attention of a governmental agency certain information cannot be found unlawful or injurious to the public in the absence of evidence that the information is true and material to some issue to be considered by the agency. In addition there must be a duty on the part of one of the parties to the agreement to disclose the information.

■ Ordinarily, before a contract is found to be illegal it must be established that it contravenes public policy in that it is contrary to statutory law or is immoral

in itself, and the injury to the public must be clearly apparent. 13 Tex.Jur.2d, Contracts, § 171.

Where a party can present a complete cause of action without being obliged to prove his own illegal act, he can recover notwithstanding the fact that the illegal act may appear incidentally and may be important in explanation of other facts in the case. City of Galveston v. O'Mara (Heffernan), Tex.Civ.App., 146 S.W.2d 416, aff'd 138 Tex. 16, 155 S.W.2d 912; Smothers v. Gawlik, Tex.Civ.App., 214 S.W.2d 894, ref., n. r. e.; Carnes Corp. v. Thermal Supply, Inc., Tex.Civ.App., 359 S.W.2d 99; Norman v. B. V. Christie & Co., Tex.Civ. App., 363 S.W.2d 175, ref., n. r. e.

The judgment is affirmed.