JAMES PIERCE AND OTHERS V. DAVID PIERCE.

There is no provision which authorizes a defendant, in the County Court, to demand security for costs.

Presumptions are in favor of judgments, and if there be a ground, upon which for aught that appears, it may have been rendered, it must be affirmed *on rehearing.* Where a cause is dismissed, the motion or judgment should show the ground of dismissal.

Appeal from Rusk.  Tried below before Hon. John Gregg. The facts upon which the Opinion proceeds are stated in it.

*Armstrong & Parsons* and *M. Casey*, for appellant.

HEMPHILL, CH. J.  A portion of the heirs of George Pierce, deceased, brought suit in the County Court, against David Pierce, the administrator, making other heirs of the deceased also parties, praying a distribution of the money in the hands of the administrator, and that as the other assets, in the hands of the administrator, amounted to a large sum, he be required to give additional bond.  On motion of the administrator, the plaintiffs were ruled to security for the costs, and they having failed and refused to give the security, the suit was dismissed.

The cause was some months afterwards removed by *certiorari* to the District Court, and after remaining two years on the docket was dismissed from that Court.  No reason appears why it should have continued so long upon the docket, except that after the first Term there was for some time a want of parties.  At the first Term after filing the cause in

the District Court, the plaintiffs were, on motion of the Clerk, ruled to security for costs.

The motion to dismiss is not set out in the transcript. That there was a motion appears from the judgment, which recites the appearance of the parties, and that the defendants moved to dismiss the cause, which being considered was sustained by the Court.

The grounds of the motion are not assigned, and consequently the cause for dismissal is not distinctly shown by the record.

The appellants treat the judgment as in effect an affirmance of the judgment of the County Court, and insist as if it were the main question that the judgment of the County Court was contrary to law. In this we agree with the counsel. There is no provision which authorizes a defendant in the County Court to demand security for costs.

Article 1379 is a general law, extending to all Courts, but this authorizes the Clerk only and not a party to demand the security. By Art. 801, the plaintiff may, on motion of defendant, or any officer of the Court interested in the costs, be ruled to security, but this provision is in an Act concerning proceedings in the District Court, and is to be confined exclusively to proceedings and parties in that Court.

The Act of the County Court in ruling the plaintiffs to secure the costs, and dismissing the cause for want of such security, was clearly without authority, and the judgment of the District Court, if intended as an affirmance, should on that ground be reversed. But it does not certainly appear from the record that the judgment was intended as an affirmance of the one below.

The plaintiffs were ruled to security for costs in the District Court, and the suit may have been dismissed for failure to comply with the rule.

But it is not the province of this Court to infer by conjecture the grounds for the action of the Court below. It is

Pierce v. Pierce.

the duty of the appellants to point out on the record the errors which they assign for reversal. If the ground of dismissal was not stated in the motion or in the judgment, the entry should have been amended, or it should have been made to appear by bill of exceptions.

The presumption is in favor of the correctness of judgments, and if there be a ground upon which, for aught that appears, it may have been rendered, it must be affirmed.

There is error, however, which will require a reform of the judgment. David Pierce was not the administrator of the deceased at the time of the judgment. He had been dismissed, and Elizabeth Pierce was the administratrix, and the judgment should have been on her behalf, and not his.

For this error the judgment must be reversed, and entered in this Court.

Judgment reversed.

APPLICATION FOR REHEARING.

HEMPHILL, CH. J. In this case there has been an application for a rehearing. The record is very defective in not transcribing the motion to dismiss the cause from the District Court. The motion or the judgment should show the ground of dismissal. But from the argument and statement of counsel on this application, we have become satisfied that the cause was dismissed from the District Court not from the failure of plaintiffs to give security for costs, in obedience to the rule for that purpose in that Court, but as in effect an affirmance of the judgment of the County Court; that it was intended as a judgment that there was no error in the decree of the Court below; that the judgment of the County Court was erroneous, and as the weight of the presumption is that the judgment of the District Court was an affirmance of the error of the County Court. It is ordered that the judgment, pre-

viously rendered in this cause, be set aside, and that judgment be entered reversing the judgment of the District Court and remanding the cause for further proceedings.

Reversed and remanded.