## TUBB et al. v. KRAMER BROS. NURS-ERIES.

### No. 2943.

Court of Civil Appeals of Texas. Waco.
March 1, 1951.

Rehearing Denied March 22, 1951.

Fitzpatrick & Dunnam, and W. V. Dunnam, Jr., all of Waco, for appellant.

John L. Bates, Jr., Waco, for appellee.

HALE, Justice.

Appellees, August and Addie Kramer, d/b/a Kramer Brothers Nurseries, sued appellant, Billy Tubb, d/b/a Derrick Floral and Nursery Company, in the District Court of McLennan County for recovery on a promissory note payable at Ontario, California, in the principal sum of $1494. Appellant answered with an affirmative plea that the note sued upon was void because it was given in consideration of a debt that had been incurred in violation of Art. 128 of Vernon's Tex.Civ.Stats. The case was tried before the court below without a jury and resulted in judgment for appellees in the sum of $1258.40.

Appellant predicates his appeal upon the following point of error: "This case should be reversed and rendered because the note sued upon was given for and in consideration of a debt arising out of an illegal transaction and is thus void."

A final judgment, rendered by a court of competent jurisdiction, must be presumed upon appeal to be correct unless the contrary is affirmatively made to appear from the record. Pierce v. Pierce, 21 Tex. 469; Mills v. Mills, Tex.Com.App., 265 S.W. 142; Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22, pt. 2; Bennett v. Jackson, Tex.Civ.App., 172 S.W. 2d 395, pt. 2, (er. ref.); Smothers v. Gawlik, Tex.Civ.App., 214 S.W.2d 894, (er. ref. n. r. e.). As said by the Supreme Court in the early case of Pierce v. Pierce, supra: "The presumption is in favor of the correctness of judgments, and if there be a ground upon which, for aught that appears,

it may have been rendered, it must be affirmed."

The record on this appeal does not disclose any of the evidence that was submitted in the court below but it does contain the findings of fact and conclusions of law which were filed by the trial court at the request of appellant. The court found, in substance, that appellees were engaged in the nursery stock business at Ontario, California, and appellant was engaged in the nursery business at Waco, Texas; prior to September 22, 1948, appellees contracted to ship, and did ship at various times, nursery stock from California to appellant at Waco, Texas on open account; on September 22, 1948 appellant executed the note herein sued upon in consideration of the balance due on the open account and thereafter made payments on said note prior to the institution of this suit in the total sum of $350; and the amount of the balance due on the note at the time of trial was $1258.40. The court further found that at no time during any of the transactions set out above, nor thereafter, did appellees have an importation certificate issued by the Commissioner of Agriculture of the State of Texas under the provisions of Art. 128 of Vernon's Tex.Civ.Stats. The court concluded that appellant was indebted to appellees on the note and that judgment should be rendered accordingly. Do the facts thus found by the trial court show conclusively that the note sued upon is void or unenforceable? If so, the judgment appealed from should be reversed; otherwise it should be affirmed.

Art. 128 of Vernon's Tex.Civ.Stats. authorizes and directs the Commissioner of Agriculture of the State of Texas, upon the conditions therein set forth, to issue to any applicant outside of this State a Texas importation certificate which shall permit the applicant to ship nursery stock into this State. The substance of the procedure required of such applicant is that he file with the Commissioner of this State a certified copy of his certificate of inspection, issued by the proper authorities of the State from which the proposed shipment is to originate, showing that the stock to be shipped has been examined by the proper officers of inspection of such State, and that it is apparently free from all dangerous insect pests or contagious diseases, etc. This article further provides that each parcel of nursery stock from outside the State shall bear a tag on which is printed a copy of the certificate of this State, and also a copy of the certificate of the State in which it originates. The statute was originally enacted in 1909 as part of an extensive Act passed by the 31st Legislature for the purpose of protecting the horticulture of this State against the ravages and spread of harmful pests and contagious diseases. The violation of certain provisions of the Act was made punishable by fines in varying minimum and maximum amounts.

As a general rule a Texas contract made in violation of the express provisions of a statute of this state, or one which cannot be performed without such violation, is void and unenforceable. However, under the record before us we cannot say that the note herein sued upon or the contract of appellees to ship nursery stock from California to appellant at Waco, Texas, on open account was made in violation of the provisions of Art. 128 of Vernon's Tex.Civ.Stats. or of any other law of this State, or that the obligations evidenced thereby could not have been performed without such violation.

It does not affirmatively appear from the trial court's findings when or where the original contract here involved was entered into or how it was evidenced. For aught that appears in this record it might have been written or verbal or it might have consisted of a written offer from appellant and an acceptance thereof by appellees in the State of California. But if it be assumed that the same was a Texas contract, such as to be governed by the laws of this State, we cannot presume that either of the contracting parties intended to agree or did agree that appellees would ship their nursery stock to appellant at Waco, Texas, on open account, without procuring an importation certificate from the Commissioner of Agriculture of Texas. There is no indication in the pleadings

or findings that any of the stock shipped was infested with any insect pest or contagious disease or that appellees could not procure a Texas importation certificate, or that they would not have done so if the matter had been called to their attention.

■ While, as a general rule, the courts will not aid in the enforcement of a contract that is made in violation of the statutory law of this State, or that contravenes its public policy, the mere fact that a demand is incidentally shown to be connected with an illegal transaction does not necessarily defeat a right of recovery. Oliphant v. Markham, 79 Tex. 543, 15 S.W. 569; Beer v. Landman, 88 Tex. 450, 31 S.W. 805; Hall v. Edwards, Tex.Com.App., 222 S.W. 167; Stone v. Robinson, Tex.Com. App., 234 S.W. 1094; Blackwell v. General Motors Acc. Corp., Tex.Civ.App., 54 S.W. 2d 251; City of Galveston v. O'Mara, Tex.Civ.App., 146 S.W.2d 416, affirmed City of Galveston v. Hefferman, 138 Tex. 16, 155 S.W.2d 912. The real test in determining whether a demand connected with an illegal transaction may be enforced at law is whether or not a case may be established without the necessity of relying on the illegal transaction. Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202.

■ In this case it was not necessary for appellees to allege or to prove the nature of the debt evidenced by the note upon which they sued, or the terms of the contract under which the debt was incurred, in order to establish their right of recovery. Even though, as an asserted defense, it was shown incidentally on the trial that the note was given in consideration of a debt which was incurred under a contract that was not performed in a manner entirely consistent with all the terms and provisions of Art. 128 of Vernon's Tex. Civ.Stats., we do not think such incidental showing was sufficient in law or equity to render the note void or to defeat the recovery sought and secured by appellees. 10 T.J. p. 238, Secs. 137–138; 17 C.J.S., Contracts, § 276, p. 663; 12 Amer.Jur. p. 729, Sec. 214; Futch v. Sanger, Tex.

Civ.App., 163 S.W. 597 (er. ref.); American National Ins. Co. v. Tabor, 111 Tex. 155, 230 S.W. 397; Graham v. Dean, 144 Tex. 61, 188 S.W.2d 372; Hennessy v. Automobile Owners Ins. Ass'n, Tex.Com. App., 282 S.W. 791, 46 A.L.R. 521; Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146.

Accordingly, the judgment of the trial court is affirmed.