FROST NATIONAL BANK OF SAN ANTONIO, Appellant,

v.

Ralph S. MITCHELL, Appellee.

No. 4051.

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1962.

record reflects that Vance West, son of A. W. West, actually received the money, and that Dent Taylor only lent his name as an accommodation, (because Vance West had already borrowed the "legal limit" from the bank). In *June 1949* Vance West, by Bill of Sale, sold his interest in a business called "Playland Cafe," together with all fixtures and equipment (which were listed), to defendant Mitchell. As a part of the consideration Mitchell assumed payment of the $3000 note above. Thereafter the note was renewed 7 times, and each time Mitchell signed such as a co-maker. Thereafter, in July 1954, the Bandera Bank demanded payment of A. W. West, who paid same off, and received from the bank an assignment of the note.

West instituted this suit against Mitchell for the $3000 principal, interest paid, and attorneys' fees. West died during pendency of the suit, and his executor, Frost National Bank, was substituted as plaintiff.

Defendant answered (among other things) that the transaction whereby he assumed payment of the note was an illegal sale of gambling equipment and the transaction was illegal and the note unenforceable and void.

Dent Taylor testified that the proceeds of the note as originally executed went for the purchase of gambling equipment and that A. W. West was aware of this fact. The Bill of Sale whereby Mitchell assumed the note lists among several pages of equipment, several "SLOTS".

Trial was to a jury which found that A. W. West signed the original note for the benefit of his son Vance West, as an accommodation party; that Mitchell did not assume payment of such note; that Mitchell signed the renewal notes as an accommodation party; that A. W. West signed the renewal notes as an accommodation party; that Vance West received the money for the purpose of purchasing slot machines; that A. W. West, when he signed the original note, had knowledge that the money was for the purpose of purchasing gambling

Robert I. Wilson, Kerrville, for appellant.

Gordon L. Hollon, Boerne, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment that plaintiff take nothing, in a suit on a note. Dent Taylor, as original maker, with A. W. West as surety, borrowed $3000 from the First National Bank of Bandera on *7 March 1949*, and executed a note therefor. The

devices and slot machines by Vance West; and that the bank was unaware that the loan was for the purchase of slot machines.

The Trial Court entered judgment that the plaintiff take nothing.

Plaintiff appeals, contending that the Trial Court committed error in the application of the substantive law to the facts, and in not granting plaintiff's motion for instructed verdict.

The record reflects that A. W. West, in 1949, signed the original note as surety to Dent Taylor, who in turn signed as an accommodation to get money for Vance West; that Vance West "used the money to purchase slot machines which were used for gambling purposes in Bandera County"; that A. W. West knew that the purpose of the execution of the note was for the purchase of the slot machines. Thereafter, in 1949, Vance West sold a cafe business and certain equipment, including a number of "slots", to defendant Mitchell, and Mitchell assumed payment of the foregoing note as a part of the consideration. Further, Mitchell signed as a co-maker on 7 subsequent renewals of the note at the bank, (as did A. W. West). The Bank finally demanded payment of the note of A. W. West (because they knew he was solvent), and he paid the note, and took an assignment from the Bank.

The question presented is twofold: 1st) whether plaintiff is precluded from recovery because he had knowledge that the proceeds of the original note were to be used for purchase of gambling equipment; and, 2nd) whether the assumption by defendant as obligor in the bill of sale is rendered invalid by the listing of "slots" in such bill of sale.

■ The test of whether a demand connected with an illegal transaction may be enforced at law is whether or not a case may be established without reliance on the illegal transaction. The tendency of the decisions in this State is to not hold a contract invalid on the mere ground that one party may have known of an intention on the part of the other to use the subject matter of the contract for an unlawful purpose. Pioneer Mutual Compensation Co. v. Diaz, Tex.Com. App. adopted 142 Tex. 184, 177 S.W.2d 202; Stone v. Robinson, Tex.Com.App. adopted Tex.Sup.Ct., 234 S.W. 1094.

■ The mere fact that a demand is incidentally shown to be connected with an illegal transaction does not necessarily defeat a right of recovery. Tubb v. Kramer Bros. Nurseries, CCA, n. r. e., Tex.Civ.App., 237 S.W.2d 680.

■ Applying the rules of law to the facts, it is our view that the original transaction whereby the Bandera Bank loaned the $3000 on the note signed by Dent Taylor and A. W. West is not rendered illegal as to A. W. West, simply because he may have known that the money was to be used by Vance West to purchase slot machines. Moreover, no reliance on the illegal transaction is here present.

■ When defendant Mitchell assumed the payment of such note, and himself signed as a co-maker some 7 times in renewal of such note, he as a matter of law became the principal obligor, and as such, liable on such note to the Bandera Bank, (and to A. W. West as assignee of the Bandera Bank, after having paid off such note), unless the listing of the "slot machines" among the equipment sold with the cafe by Vance West to Mitchell renders same illegal.

There is no showing that the "slot machines" sold by Vance West to Mitchell were the same ones purchased with the proceeds of the original $3000 note, and no showing that these "slot machines" were to be used for gambling purposes, or that they were ever in fact used for gambling purposes. The sale was consummated in 1949. Article 642a, Vernon's Ann.P.C. (relied on by defendant), which makes the sale and possession of "slot machines" a felony, was not enacted until 1951. Under the law as existing in 1949 a "slot machine" was not illegal unless proof was made that it was illegally used for gambling. Hightower v. State, CCA, Er. ref., Tex.Civ.App., 156 S.W.

2d 327. Both questions presented are answered in the negative. The Trial Court should have granted plaintiff's motion for instructed verdict.

■ Plaintiff has complained of the action of the Trial Court in admitting the testimony of Dent Taylor, on the ground that he was attorney for A. W. and Vance West, and that such testimony constituted a privileged communication. The record reflects that while Taylor had been the Wests' attorney on occasion, he was not their attorney in connection with the matters testified to by him, and such matters were not privileged, and were properly admitted into evidence. The point is overruled.

The judgment of the Trial Court is Reversed and the cause Remanded for computation as to amount due plaintiff on the not sued on and for judgment for plaintiff for such amount. Reversed and remanded.