## TOWN OF DYESS *v.* Leonard WILLIAMS

5-5416                                444 S. W. 2d 701

Opinion delivered September 22, 1969

*Bruce Ivy,* for appellant.

No brief for appellee.

GEORGE ROSE SMITH, Justice. In 1968 the town of Dyess adopted Ordinance No. 10, which required all places of business within the town to remain closed from midnight until 4:00 a.m. The appellee, Leonard Williams, operated an establishment called the Blue Eagle, at which he sold sandwiches, ice cream, candy, and soft drinks. Williams was arrested for a violation of the ordinance. In the municipal court he was found guilty, but on appeal the circuit court held the ordinance to be invalid. The correctness of that ruling is the issue here.

It is familiar law that municipalities have only those powers that have been delegated to them, expressly or by implication, and that any fair, reasonable, and substantial doubt about the existence of a power in a municipal corporation must be resolved against it. *City of Little Rock* v. *Raines,* 241 Ark. 1071, 411 S. W. 2d 486 (1967) ; *Yancey* v. *City of Searcy,* 213 Ark. 673, 212 S. W. 2d 546 (1948).

Here the town, to sustain its ordinance, relies upon general language in our comprehensive statute governing municipal corporations, Act 1 of 1875. Section 12 of that act empowers municipalities "to prevent injury or annoyance within the limits of the corporation, from anything dangerous, offensive or unhealthy, and . . . to prevent any riots, noise, disturbance, or disorderly assemblages." Ark. Stat. Ann. § 19-2303 (Repl. 1968). Section 22 of the same act authorizes municipalities to adopt ordinances "necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof." § 19-2401.

On the record before us we agree with the circuit

court's conclusion that Ordinance No. 10 exceeds the town's delegated authority. There is no proof that the measure is needed to accomplish the purposes enumerated in the statute. According to the testimony, teenagers and other youths from Dyess and from nearby communities patronize the Blue Eagle after midnight. There is some honking of horns there, but the town's principal grievance is that the youngsters also sound their horns while driving noisily about the streets in cars not equipped with mufflers.

It is evident that the town's purpose could readily be accomplished by the enactment of an ordinance directly prohibiting the objectionable conduct. There is no need for the town to attain its objective indirectly by closing all places engaged in lawful business after midnight. In a similar case the Mississippi Supreme Court held invalid an ordinance that would have required drug stores, doctors, lawyers, and all businessmen to close their offices by ten o'clock at night. *Goodin* v. *City of Philadelphia,* 222 Miss. 77, 75 So. 2d 279 (1954). Here, too, the sweep of the ordinance goes too far beyond the necessities of the situation.

Affirmed.