No. 76–318.  BYKOFSKY ET AL. v. BOROUGH OF MIDDLETOWN ET AL.  C. A. 3d Cir.  Certiorari denied.  MR. JUSTICE WHITE would grant certiorari and set case for oral argument.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN joins, dissenting.

Petitioners challenge the constitutionality of an ordinance establishing a nonemergency curfew for juveniles in Middletown, Pa., a rural community with a population of about 10,000.  That ordinance makes it unlawful, except in limited circumstances, for minors to be on the streets during specified hours, and for parents knowingly or "by inefficient control" to allow their children to do so.

The freedom to leave one's house and move about at will is "of the very essence of a scheme of ordered liberty," *Palko* v. *Connecticut*, 302 U. S. 319, 325 (1937), and hence is protected against state intrusions by the Due Process Clause of the Fourteenth Amendment.  See, *e. g., Papachristou* v. *City of Jacksonville*, 405 U. S. 156 (1972); *Coates* v. *City of Cin-*

*cinnati,* 402 U. S. 611 (1971); *Hague* v. *C. I. O.,* 307 U. S. 496, 515 (1939). To justify a law that significantly intrudes on this freedom, therefore, a State must demonstrate that the law is "narrowly drawn" to further a "compelling state interest." *Roe* v. *Wade,* 410 U. S. 113, 155–156 (1973). For this reason, I have little doubt but that, absent a genuine emergency, see, *e. g., United States* v. *Chalk,* 441 F. 2d 1277 (CA4 1971), a curfew aimed at all citizens could not survive constitutional scrutiny. This is true even though such a general curfew, like the instant ordinance, would protect those subject to it from injury and prevent them from causing "nocturnal mischief."

The question squarely presented by this case, then, is whether the due process rights of juveniles are entitled to lesser protection than those of adults.[1] The prior decisions of this Court provide no clear answer. We have recognized that "[c]onstitutional rights do not mature and come into being magically only when one attains the state-defined age of majority. Minors, as well as adults, are protected by the Constitution and possess constitutional rights." *Planned Parenthood* v. *Danforth,* 428 U. S. 52, 74 (1976); see also *Tinker* v. *Des Moines School Dist.,* 393 U. S. 503, 511 (1969). But we also have acknowledged that "the State has somewhat broader authority to regulate the activities of children than of adults." *Planned Parenthood* v. *Danforth, supra,* at 74; see also *Ginsberg* v. *New York,* 390 U. S. 629 (1968); *Prince* v. *Massachusetts,* 321 U. S. 158 (1944). Not surprisingly, therefore, the lower courts have reached conflicting conclusions in addressing the issue raised here. Annot., 59 A. L. R. 3d 321, 339–348 (1974).

Because I believe this case poses a substantial constitutional question—one which is of importance to thousands

---

[1] Similar issues currently are pending before the Court in No. 75–1064, *Kremens* v. *Bartley,* probable jurisdiction noted, 424 U. S. 964 (1976).

of towns with similar ordinances [2]—I would grant a writ of certiorari.

[2] See Note, Curfew Ordinances and the Control of Nocturnal Juvenile Crime, 107 U. Pa. L. Rev. 66 (1958).