The Honorable William R. Bullock Prosecuting Attorney P.O. Box 220 Danville, AR 72833-0220
Dear Mr. Bullock:
This is in response to your request for an opinion on the legal propriety of a city of the second class borrowing money to finance its operations. It is my opinion that although the Arkansas Constitution does not prohibit such a city from taking on non-interest bearing debt, it may not legally do so because the State of Arkansas has not specifically delegated authority to the city to borrow money.
As you have noted, the Arkansas Constitution, Art. 16, 1 prohibits any "count, city or town or municipality [from] ever issu[ing] any interest bearing evidences of indebtedness." This provision has been interpreted to mean that a municipal corporation cannot make a legal and binding contract by which it agrees to pay interest on its indebtedness. Bourland v. First National Bank Building Company, 152 Ark. 139, 237 S.W.2d 681 (1922). It apparently, however, does not mean that a municipal corporation cannot borrow money so long as it assumes only non-interest bearing debt.
This principle is displayed by the legislature's enactment of A.C.A. 14-58-401, which provides in pertinent part:
 (a) Upon a vote of two-thirds (2/3) vote of the members of the city council, cities of the first class may borrow money for the ordinary operating expenses of the city after January 1 of each year in anticipation of the property tax collections collectible in that year. . . .
 (c) These cities shall have the power to issue to the lender thereof negotiable but noninterest-bearing evidences of indebtedness for moneys so borrowed, to be executed by the mayor and city clerk in behalf of the city. [Emphasis added].
As can be seen from the statute above, the legislature has empowered cities of the first class to borrow money. There appears to be no statutory provision, however, granting cities of the second class the same power.
It is established law that cities are creatures of the state, have no inherent powers, and can exercise only: (1) those powers expressly given them by the state through the constitution or by legislative grant; (2) those necessarily implied for the purposes of, or incident to these express powers; and (3) those indispensable (not merely convenient) to their objects and purposes. City of Little Rock v. Raines, 241 Ark. 1071,411 S.W.2d 486 (1967); Jones v. American Home Life Ins. Co., 293 Ark. 330,738 S.W.2d 387 (1987). Additionally, it has been held that any fair, reasonable, and substantial doubt about the existence of a power in a municipal corporation must be resolved against the power. Town of Dyess v. Williams, 247 Ark. 155, 444 S.W.2d 701
(1969).
In light of the foregoing, it is my opinion that although the borrowing of interest-free funds by a city of the second class would not violate the Arkansas Constitution, such a city may not legally do so because it has not been delegated that authority by the state.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.