The Honorable Jerry E. Hinshaw State Representative 18804 Wheeler Road Springdale, AR 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion concerning the Siloam Springs Memorial Hospital. You state in your correspondence that the city of Siloam Springs, which owns the Memorial Hospital, wants to open a rural health care clinic in Westville, Oklahoma under the Rural Health Clinic Services Act (PL 95-210). The Westville, Oklahoma area to be served by the clinic is located approximately three miles west of the Arkansas/Oklahoma state line and is approximately fifteen miles south of Siloam Springs. The clinic would be staffed by an Oklahoma licensed physician's assistant who would be supervised by a doctor from Siloam Springs Memorial Hospital. Your question is whether the opening of the clinic would be a valid exercise of municipal power by the City of Siloam Springs.
I cannot provide a conclusive answer to your question based upon this limited set of facts. It should be noted as a general matter, however, that cities have no inherent powers and can exercise only those powers that have been delegated to them, expressly or by implication. See generally Jones v. AmericanHome Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987). Any fair, reasonable and substantial doubt about the existence of a power must be resolved against it. Town of Dyess v. Williams,247 Ark. 155, 444 S.W.2d 701.
With regard, specifically, to health care facilities, the legislature has authorized, inter alia, the acquisition, construction, maintenance and operation of hospitals or related facilities "within or near the municipality. . . ." A.C.A. §14-265-103 (1987). I do not believe, however, that this delegation of power can reasonably be construed as including the construction or maintenance of out-of-state facilities, particularly where the use of local revenues for the accomplishment of these purposes is specifically authorized.See A.C.A. § 14-26-104(a) (1987). The use of city revenues to provide services to non-residents through the operation of an out-of-state health clinic would, in all likelihood, be subject to challenge as an illegal exaction. It is a fundamental constitutional precept that monies arising from a tax levied for one purpose cannot be diverted to another. Ark. Const. art. 16, §11; see also generally Chandler v. Bd. of Trustees of theTeacher Retirement System of the State of Arkansas,236 Ark. 256, 258, 365 S.W.2d 447 (1963) ("[t]he objects for which money is raised by taxation must be public, and such as subserve the common interest and well being of the community required to contribute.")
All of the particular facts surrounding the proposed action would have to be considered in order to conclusively resolve the issue. Local counsel should therefore be consulted in this regard. As a general matter, however, I believe that to the extent the opening of such a clinic involved the use of city funds to provide services to non-residents, such action could be subject to challenge.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh